# Morgan Lewis

**Michael J. Puma**
+1.215.963.5305
michael.puma@morganlewis.com

September 23, 2021

*BY ECF*

The Honorable Jennifer P. Wilson
U.S. District Court for the Middle District of Pennsylvania
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re:   *Charleau v. S-L Distribution Company, LLC,* Case No. 1:20-cv-00879

Dear Judge Wilson:

Defendant Snyder's-Lance, Inc.[1] ("S-L" or "Defendant") submits this response to Plaintiff's letter of September 20, 2021 (Dkt. 83), requesting that this Court schedule a discovery conference and issue an order compelling Defendant to respond "in full" to each and every Interrogatory and Document Request served by Plaintiff and to produce broad categories of documents, many of which were not even sought by Plaintiff's Document Requests.  This purported dispute is unripe for multiple reasons, including primarily that it is contingent upon the Court's consideration of S-L's Motion to Stay Discovery Pending the Court's Consideration of Defendant's Motion to Compel Arbitration and to Stay the Action (the "Motion to Stay") (Dkt. 81).  However, even to the extent that the Court orders discovery to proceed with S-L's two motions pending despite the discussion below, this expansive additional relief demanded by Plaintiff would be premature given that the parties have not even met and conferred over S-L's proper/timely discovery objections.

By way of background, a timeline of the events leading up to S-L filing the Motion to Stay is below:

- On August 19, 2021, S-L's counsel learned for the first time that Plaintiff signed an agreement to resolve his claims through arbitration (the "Arbitration Agreement").  On August 20th (the very next day), S-L notified Plaintiff's counsel that it had found the Arbitration Agreement and requested Plaintiff's consent to stay discovery.

---

[1] On February 1, 2021, S-L Distribution Company, LLC was merged into Snyder's-Lance, Inc.

The Honorable Jennifer P. Wilson
September 23, 2021
Page 2

> Plaintiff indicated that he would oppose such a request. On August 30, to preserve S-L's contractual right to arbitrate, S-L timely served Objections (and not Responses) to Plaintiff's First Set of Document Requests and First Set of Interrogatories.

- On August 27th, S-L submitted a letter to this Court requesting a stay (Dkt. 71), which Plaintiff opposed (Dkt. 72).

- On September 8th, this Court issued an Order (Dkt. 77) stating that any request to stay discovery should come in the form of a motion, not a letter, and that the current deadlines "remain in effect pending further order." S-L interpreted this Order as an invitation to file a formal Motion to Stay to more fully brief the issues for the Court's consideration. S-L promptly filed its Motion to Stay on September 13th.

Staying discovery while the Court considers S-L's Motion to Compel Arbitration is appropriate and consistent with Third Circuit precedent. Dkt. 82 at 5-7. In addition, S-L would be prejudiced by further discovery because Plaintiff has argued that S-L has waived its right to arbitrate by engaging in discovery. Dkt. 72 at 2-3. Although Plaintiff's counsel has stated that they will not consider S-L's further participation in discovery as evidence of waiver[2], the determination of whether waiver has occurred is for this Court – not the parties – to decide. Should this Court nonetheless order S-L to continue engaging in discovery while it considers the pending motions, S-L is of course prepared to comply.

However, merely resuming depositions and document production and beginning to meet and confer on S-L's appropriate objections to some discovery (if that is the Court's preference at this time) would be entirely different than the draconian relief requested in Plaintiff's letter. Specifically, Plaintiff demands that the Court order S-L to respond in full to each and every discovery request he has served without any effort by Plaintiff to confer with S-L on its objections or even to articulate for the Court why any of those objections are invalid. Plaintiff's request sidesteps this Court's order requiring parties to meet and confer on specific discovery disputes

---

[2] Plaintiff notes in his letter that S-L and Plaintiff agreed to permit Plaintiff to depose one of S-L's employees on August 24th without S-L waiving the right to compel arbitration. However, S-L did so because Plaintiff would not consent to rescheduling the deposition, S-L had only just discovered that Plaintiff was required to arbitrate his claims and so had not yet filed motions to compel or to stay, and S-L did not want to inconvenience either party's counsel or the deponent with an abrupt change of plans. Plaintiff fails to mention that S-L then informed Plaintiff that to preserve its anti-waiver argument, S-L would not be producing other witnesses without further direction from the Court.

The Honorable Jennifer P. Wilson
September 23, 2021
Page 3

before seeking relief from the Court.³  And the demand is particularly inappropriate given that Plaintiff's letter seeks items that were never even requested formally in discovery.  By way of example:

- Plaintiff demands "*all* documents and data relating to or referring to Plaintiff." (emphasis added).  This request is new and nowhere to be found in Plaintiff's Document Requests.

- Document Request No. 8 asked S-L to produce "performance reviews/evaluations ... of the District Manager/Market Sales Lead, Zone Sales Manager, Area Sales Director, and Regional Vice President or other employees with responsibilities related to distribution of products in Massachusetts during the Relevant Time Period, and for any of the other individuals identified in S-L's responses to Plaintiff's Interrogatories."  S-L timely objected and would be prepared to meet and confer on this Request if the Court orders discovery to proceed.  Now, however, Plaintiff's letter has expanded his Request to seek "[a]ll performance evaluations of Defendant's [purported] employee-supervisors [whatever that means] who have worked in Massachusetts during the class period".

- Document Request No. 10 asked for "[a]ll training materials used by Defendant related to the sale and delivery of products to stores, chains, and outlets in Massachusetts during the Relevant Time Period, including any materials used to train or instruct Massachusetts Distributors or ... Defendant's employees."  Plaintiff's letter more broadly asks for "[a]ll training documents related to the work of Defendant's managers in Massachusetts."  This new request encompasses documents related to more training topics and for more employees and is not even limited in temporal scope.

- Plaintiff asks this Court to compel S-L to produce "all contracts between Defendant and partner brand entities," but nowhere do Plaintiff's Document Requests even mention or ask for documents concerning "partner brand entities."

Moreover, Plaintiff is wrong when he claims that he would be entitled to all of his requested discovery if this dispute were to proceed individually in arbitration.  The

---

³ This Court notes in its Civil Practice Order, filed on August 19, 2021, that "in the event that discovery-related disputes arise counsel is directed to confer *with one another* to resolve the dispute *without court intervention*" (emphases added).

3

The Honorable Jennifer P. Wilson
September 23, 2021
Page 4

plain language of most of the bullet point requests in Plaintiff's letter extends to all putative class members and/or all managers or customers regardless of any connection to Plaintiff's individual business activities, which would be the focus in an individual arbitration. Finally, as to Plaintiff's concerns with any delay, S-L's counsel has committed to Plaintiff's counsel that "we [would] be happy to work with you to jointly request an extension to the class certification deadline if the Court ultimately denies our motion to compel."

In sum, S-L cannot proceed with discovery pending a ruling on its Motion to Stay without prejudicing its position in the pending Motion to Compel. And to the extent that the Court orders that the parties nevertheless proceed with discovery, Plaintiff's letter is overbroad and premature in its demand that the Court require S-L to turn over every piece of information, data and documents that Plaintiff has requested without regard to any evaluation of S-L's timely objections or any effort by Plaintiff to meet and confer on and articulate any perceived deficiencies in those objections.

Sincerely,

*/s Michael J. Puma*

Michael J. Puma